Michael F. Ram, (Bar No. 104805)
mram@robinskaplan.com
Susan S. Brown, (Bar No. 287986)
sbrown@robinskaplan.com
Robins Kaplan LLP
2440 W El Camino Real,
Suite 100
Mountain View, CA 94040
Tel: 650 784 4040
Fax: 650 784 4041

Samuel J. Strauss
sam@turkestrauss.com
Turke & Strauss
613 Williamson Street, #201
Madison, WI 53703
Tel: 608 237 1775
Fax: 608 509 4423

*Attorneys for Plaintiffs*
*Monica Chandler and Mohammed Meky*

Harold Jaffe (SBN 57397)
hmjaffe@gmail.com
Attorney At Law
11700 Dublin Blvd.
Dublin, CA 94568
Tel: 510-452-2610
Fax: 925-587-1737

*Attorney for Plaintiff*
*Susan McShannock*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JPMORGAN CHASE ESCROW INTEREST CASES<br><br>Monica Chandler as Trustee of the Chandler Family Trust; Susan McShannock, as Executrix of the Estate of Patricia Blaskower, on behalf of the Estate of Patricia Blaskower; and Mohamed Meky, on behalf of themselves and all others similarly situated,<br>                    Plaintiffs,<br><br>            v.<br><br>JPMorgan Chase Bank, N.A. dba Chase Bank, and DOES 1 through 10, inclusive<br><br>                    Defendants. | Case No. 3:18-CV-01873-EMC<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO F.R.C.P.12(B)(6), OR ALTERNATIVELY TO STAY CONSOLIDATED CLASS ACTION COMPLAINT** |

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ................................................................................................................ 1

II. BACKGROUND AND FACTUAL ALLEGATIONS ...................................................... 2

III. LEGAL STANDARD ......................................................................................................... 2

IV. ARGUMENT ...................................................................................................................... 3

    A.    Because Plaintiffs' claims arise from consumer protection statutes, they cannot be barred by the notice-and-cure provision in the deeds of trust. ................ 3

    B.    Home Owners Loan Act preemption does not apply to conduct of a national bank that acquires a loan originated by a saving bank. .............................. 5

    C.    Chase fails to establish grounds for a stay ............................................................ 10

        1.    A stay would prejudice Plaintiffs. ............................................................... 10

        2.    Chase has failed to show a clear case of hardship or inequity, as merely being required to defend a lawsuit does not suffice. ....................... 11

        3.    A stay would undermine judicial economy. ............................................... 12

V. CONCLUSION ................................................................................................................. 12

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# **TABLE OF AUTHORITIES**

**Cases**                                        **Page(s)**

*Abante Rooter & Plumbing Inc. v. Nationwide Mut. Ins. Co.*,
  No. 17-cv-03328-EMC, 2018 U.S. Dist. LEXIS 14062 (N.D. Cal., Jan. 26, 2018) ...........................................................................................................10, 11, 12

*Armendariz v. Found. Health Psychcare Servs., Inc.*,
  24 Cal. 4th 83 (2000) ......................................................................................................1, 3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................3

*Barnett Bank of Marion County, N.A. v. Nelson*,
  517 U.S. 25 (1996) .........................................................................................................2, 12

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................3

*Beltz v. Wells Fargo Home Mortg.*,
  2017 U.S. Dist. LEXIS 29140 (E.D. Cal. March 1, 2017)..................................................6

*Beyer v. Countrywide Home Loans Serv. LP*,
  No. C07-1512MJP, 2008 U.S. Dist. LEXIS 122333 (W.D. Wash. Apr. 18, 2008), aff'd, 359 Fed. App'x 701 (9th Cir. 2009) ................................................................4

*Campidoglio LLC v. Wells Fargo & Co.*,
  870 F.3d 963 (9th Cir. 2017)..........................................................................................8, 9

*Corral v. Select Portfolio Servicing, Inc.*,
  2014 U.S. Dist. LEXIS 109524 (N.D. Cal. 2014)...............................................................8

*Davis v. Wells Fargo, N.A.*,
  2016 U.S. Dist. LEXIS 168645 ** 17-18 (E.D. Cal., Dec. 6, 2016) ...............................6, 8

*Flagg v. Yonkers Sav. Loan Ass'n, FA*,
  396 F.3d 178 (2d Cir. 2005)................................................................................................9

*Giotta v. Ocwen Fin. Corp.*,
  No. 15-cv-00620-BLF, 2016 U.S. Dist. LEXIS 113320 (N.D. Cal. Aug. 24, 2016) ...................................................................................................................................5

*Giotta v. Ocwen Loan Servicing, LLC*,
  No. 16-16665, 706 Fed.Appx. 421-422 (9th Cir. 2017) .................................................4, 5

*Grigsby v. Wells Fargo Bank, N.A.*,
  2018 U.S. Dist. LEXIS 63057 (C.D. Cal., April 12, 2018) ................................................6

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

*Gueyffier v. Ann Summers, Ltd.*,
    43 Cal. 4th 1179 (2008) .................................................................................................... 1

*Higley v. Chase Bank, FSB*,
    910 F.Supp.2d 1249 (D. Or. 2012) .................................................................................... 5

*Hixson v. Wells Fargo Bank NA*,
    2014 U.S. Dist. LEXIS 108617 (N.D. Cal. Aug. 6, 2014) ........................................... 9, 10

*Johnson in Schmidt v. Wells Fargo Home Mortgage*,
    2011 WL 1597658 (E.D. Va. Apr.26, 2011) ...................................................................... 4

*Johnson v. Countrywide Home Loans*,
    1:10cv1018, 2010 U.S. Dist. LEXIS 131112 (E.D. Va. Dec. 10, 2010) ............................ 4

*Kim v. Shellpoint Partners, LLC*,
    No. 15cv611-LAB (BLM), 2016 U.S. Dist. Lexis 44144 (S.D. Cal. Mar. 30, 2016) ......... 3

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) .................................................................................................. 10, 12

*Lathrop v. Uber Technologies, Inc.*,
    No. 14-cv-05678-JST, 2016 U.S. Dist. LEXIS 2490 (N.D. Cal. Jan. 8, 2016) ................ 11

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) ................................................................................... 10, 12

*Lusnak v. Bank of Am., N.A.*,
    883 F.3d 1185 (9th Cir. 2018) .......................................................................... 2, 5, 6, 12

*Michael v. CitiMortgage, Inc.*,
    No. 16-CV-07238, 2017 U.S. Dist. LEXIS 50197 (N.D. Ill. April 3, 2017) ..................... 5

*Moss v. United States Secret Service*,
    572 F.3d 962 (9th Cir. 2009) ............................................................................................. 3

*Penermon v. Wells Fargo Bank, N.A.*,
    47 F.Supp.3d 982 (N.D. Cal. 2014) ..................................................................... 7, 8, 9, 10

*Pimentel v. Wells Fargo, N.A.*,
    2015 U.S. Dist. LEXIS 62913 (N.D. Cal., May 7, 2015) .......................................6, 7, 8, 9, 10

*Rijhwani v. Wells Fargo Home Mortg., Inc.*,
    2014 U.S. Dist. LEXIS 27516 (N.D. Cal., Mar. 3, 2014) ............................................. 7, 8

*Sandoval v. Friendlum, Inc.*,
    No.: 17cv1917-MMA (BGS), 2018 U.S. Dist. LEXIS 35754 (S.D. Cal. March
    2, 2018) ...................................................................................................................... 11, 12

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

*Sandoval v. Wolfe*,
   NO. 16-61856-CIV-DIMITROULEAS, 2017 U.S. Dist. LEXIS 8241 (S.D. Fla. January 19, 2017).................................................................................................5

*Schwartz v. Comenity Capital Bank*,
   13 Civ. 4896 (JGK), 2015 U.S. Dist. Lexis 11940 (S.D.N.Y. February 2, 2015) ......................4

*St. Breaux v. United States Bank*,
   919 F. Supp. 2d 1371 (S.D. Fla. 2013) ......................................................................................4

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011)...................................................................................................3

*Taub v. World Fin. Network Bank*,
   950 F. Supp. 2d 698 (S.D.N.Y. 2013)................................................................................1, 3

*Wieck v. CIT Grp., Inc.*,
   308 F. Supp. 3d 1093 (D. HI. 2018), 2018 U.S. Dist. LEXIS 55257 (D. Haw. March 30, 2018)....................................................................................................6

**Statutes**

Cal. Civ. Code § 2954.8.................................................................................................................4

Cal. Civ. Code § 2954.8(a) .......................................................................................1, 2, 3, 5, 12

California Business & Professions Code, §§ 17200 et seq. ...........................................................1

## I. INTRODUCTION

This case concerns JPMorgan Chase Bank, N.A.'s ("Chase's") violation of a California statue requiring mortgage lenders to pay interest on funds held in escrow accounts for home mortgages. Many mortgage lenders, including Chase, require their customers to maintain an escrow account for the property tax and insurance on the property. These escrow deposits made by the homeowner are the homeowner's funds. California Civil Code §2954.8(a) requires that lenders pay at least 2% interest on these accounts.

Chase has violated §2954.8(a) by failing to pay Plaintiffs interest on their mortgage escrow accounts. Plaintiffs have sued under the California Unfair Competition Law, California Business & Professions Code, §§ 17200 et seq., to recover the unpaid interest.

Because they are asserting consumer protection statute claims, Plaintiffs were not required to provide notice and an opportunity to cure pursuant to their deeds of trust. The statutory rights that Plaintiffs assert exist independently of the deeds of trust and are unwaivable as a matter of public policy. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 100 (2000). Such rights arise from the statutes themselves, as opposed to arising from any private agreement. *See, e.g.*, *Taub v. World Fin. Network Bank*, 950 F. Supp. 2d 698, 702 (S.D.N.Y. 2013). Even if the notice provision did apply, Plaintiffs' failure to perform would be excusable on the grounds of futility because Chase has evinced no intention of curing the class grievance through that process. *See Gueyffier v. Ann Summers, Ltd.*, 43 Cal. 4th 1179, 1186 (2008). As Chase acknowledges, Plaintiff Meky provided notice and an opportunity to cure on behalf of the putative class before he was added as a named plaintiff in the Consolidated Complaint. Plaintiff McShannock also provided notice and opportunity to cure before filing the Consolidated Complaint. Chase spurned these overtures.

Nor are Plaintiffs' claims preempted. Contrary to Chase's brief, the virtually universal trend in the last few years in the Ninth Circuit is to hold that Home Owners Loan Act preemption does *not* apply to conduct of a national bank, such as Chase, after it acquires a loan originated by a federal savings bank, such as Washington Mutual.

Finally, Chase has failed to establish grounds to stay the case. Being required to defend a

suit does not constitute the "clear case of hardship or inequity" required for a stay of a civil case based on what may happen in another case. A stay would prejudice Plaintiffs and class members because evidence could be lost. It is unlikely that the Supreme Court will grant certiorari in *Lusnak*. If it does, this Court can revisit the stay issue then.

## II. BACKGROUND AND FACTUAL ALLEGATIONS

This case concerns Chase's violation of California Civil Code §2954.8(a), which requires a mortgage lender to pay interest on funds held in escrow accounts for residential mortgages. Historically, certain mortgage lenders have claimed that the National Bank Act preempts Cal. Civ. Code §2954.8(a), reasoning that the state statute prevents or significantly interferes with the exercise of the powers of national banks in contravention of federal law. On March 2, 2018, the Ninth Circuit ruled that the National Bank Act does not preempt state mortgage escrow laws, including the requirement to pay interest on mortgage escrow accounts set forth in Cal. Civ. Code §2954.8(a), and held that banks are required to follow that law. *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1197 (9th Cir. 2018). The Ninth Circuit further held that the California statute was not preempted even before Dodd-Frank came into effect, thus it applies to mortgage loans that were entered into prior to the effective date of Dodd-Frank. *Id.* at 1197.

The *Lusnak* court was not creating new law; it was simply following *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25 (1996). *Lusnak v. Bank of America*, 883 F.3d at 1188 ("Although Dodd-Frank significantly altered the regulatory framework governing financial institutions, with respect to NBA preemption, it merely codified the existing standard established in *Barnett*... Applying that standard here, we hold that the NBA does not preempt California Civil Code § 2954.8(a). . . ")

Chase, like the Bank of America, is a national bank and therefore Plaintiffs' claims against Chase are not preempted. The Consolidated Complaint concerns Chase's conduct after it acquired the Washington Mutual loans in 2008, and does not concern any interest that Plaintiffs might claim to have been owed by Washington Mutual.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint.

The complaint must contain "sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face' . . . a claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact))." (citations omitted)); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing *Iqbal* and *Twombly*).

In *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), the court summarized the standard as follows: "First, to be entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."

## IV. ARGUMENT

### A.  Because Plaintiffs' claims arise from consumer protection statutes, they cannot be barred by the notice-and-cure provision in the deeds of trust.

Plaintiffs' statutory rights under Civil Code section 2954.8(a) and the UCL exist independently of the deeds of trust and, under California law, are unwaivable as a matter of public policy. *See Armendariz*, 24 Cal. 4th at 100. Such statutory rights "arise" from the statute itself, as opposed to any private agreement, such that notice-and-cure provisions like those Chase invokes here do not apply to these consumer protection claims. *See Taub*, 950 F. Supp. 2d at 702-703 (citing cases) ("Courts confronted with this argument have uniformly held that the notice and cure provision does not apply"). Numerous cases endorse this line of reasoning:

- *Kim v. Shellpoint Partners, LLC*, No. 15cv611-LAB (BLM), 2016 U.S. Dist. Lexis

44144, *21 (S.D. Cal. Mar. 30, 2016) (notice-and-cure provision does not bar statutory claims);

- *Schwartz v. Comenity Capital Bank*, 13 Civ. 4896 (JGK), 2015 U.S. Dist. Lexis 11940 *30 (S.D.N.Y. February 2, 2015) (Notice and cure provisions "do not apply to suits alleging deceptive business practices") (citations omitted);

- *St. Breaux v. United States Bank*, 919 F. Supp. 2d 1371, 1376 (S.D. Fla. 2013) (TILA "claim is not directly related to the mortgage, so the notice and cure provision does not apply");

- *Beyer v. Countrywide Home Loans Serv. LP*, No. C07-1512MJP, 2008 U.S. Dist. LEXIS 122333, *9 (W.D. Wash. Apr. 18, 2008), aff'd, 359 Fed. App'x 701 (9th Cir. 2009) (notice-and-cure provision does not apply because "unjust enrichment and CPA claims exist independently of the parties' mortgage contract");

Here, Plaintiffs' claims are not predicated on any violation of the mortgage contract, but only on violations of § 2954.8 and the UCL. Therefore, the notice and cure provisions of the deeds of trust do not apply.

Chase cites *Giotta v. Ocwen Loan Servicing, LLC*, No. 16-16665, 706 Fed.Appx. 421-422 (9th Cir. 2017) and *Johnson v. Countrywide Home Loans*, 1:10cv1018, 2010 U.S. Dist. LEXIS 131112 (E.D. Va. Dec. 10, 2010), but neither decision aids Chase. In *Johnson*, the district court concluded that the plaintiff's claims were barred specifically because "*all* of Plaintiff's allegations arise from actions taken pursuant to the Deed of Trust." *Johnson v. Countrywide Home Loans, Inc.*, 2010 U.S. Dist. LEXIS 131112, *6-7 (emphasis in original). Indeed, *Johnson* expressly acknowledged that if a plaintiff has claims based on deceptive business practices, notice and cure provisions do not apply. *Id.*, * 6.[1] Similarly, in *Giotta* the district court found that the notice and cure provisions applied because "[a]ll of the claims arise from the property inspections and BPOs obtained by Ocwen Servicing and charged to Plaintiffs pursuant to the

---

[1] *See* discussion of *Johnson* in *Schmidt v. Wells Fargo Home Mortgage*, 2011 WL 1597658, at *3 (E.D. Va. Apr.26, 2011) (Johnson acknowledges that notice-and-cure provision does not apply to claims based on deceptive business practices).

terms of the Deed of Trust."[2]  *Giotta v. Ocwen Fin. Corp.*, No. 15-cv-00620-BLF, 2016 U.S. Dist. LEXIS 113320, *13 (N.D. Cal. Aug. 24, 2016).

Nor are the other cases cited by Chase persuasive.  *Higley v. Chase Bank, FSB*, 910 F.Supp.2d 1249 (D. Or. 2012), is a mortgage foreclosure case, not a case involving statutory unfair business practices claims.  In *Michael v. CitiMortgage, Inc.*, No. 16-CV-07238, 2017 U.S. Dist. LEXIS 50197, *12, (N.D. Ill. April 3, 2017) all of the claims were "entirely based on the property fees that were charged pursuant to her mortgage contract."   2017 U.S. Dist. LEXIS 50197, *12, 2017 WL 1208487, *4. Similarly, in *Sandoval v. Wolfe*, NO. 16-61856-CIV-DIMITROULEAS, 2017 U.S. Dist. LEXIS 8241 (S.D. Fla. January 19, 2017), a mortgage foreclosure lawsuit, all of the claims arose out of the mortgage and the plaintiff's efforts to reinstate the mortgage.

In any event, in the case at bar, Plaintiffs provided Chase with notice and an opportunity to cure, which Chase rejected.  Chase acknowledges that, "After this suit was filed, and after Chase moved to dismiss the original complaint on the ground that Plaintiffs failed to allege compliance with their notice and cure obligations, McShannock and Meky (but not Chandler) sent purported notices of dispute pursuant to the Deeds of Trust." (Mot., p. 5, n.7.)   Thus, Plaintiff Meky, named for the first time in the Consolidated Complaint, gave Chase notice and an opportunity to cure pursuant to the deed of trust on behalf of the class *before* he filed his complaint.  Plaintiff McShannock gave notice pursuant to the deed of trust before filing the Consolidated Complaint.  Chase rejected these opportunities to cure the breach.  It would be pointless to require each class member to give notice and an opportunity to cure.

**B.     Home Owners Loan Act preemption does not apply to conduct of a national bank that acquires a loan originated by a saving bank.**

In *Lusnak v. Bank of America, N.A.*, 883 F.3d 1185 (9th Cir. 2018) the Ninth Circuit held that California's escrow interest law was not preempted by the National Bank Act ("NBA"). "We hold that the NBA does not preempt California Civil Code Section 2954.8(a), and Lusnak may

---

[2] It is worth noting that the terse affirmance by the Ninth Circuit in *Giotta* (cited by Chase) was unpublished and non-precedential.

1  proceed with his California Unfair Competition Law ("UCL") and breach of contract claims
2  against Bank of America." *Id.* at 1188.  Chase does not argue that Plaintiffs' claims are
3  preempted by the National Bank Act.

4  Instead, Chase argues that Home Owners Loan Act ("HOLA") preemption applies
5  because the loans at issue, which Chase has owned for a decade, originated with a federal saving
6  bank. This is not the current law of this circuit.  While some older district court cases held
7  otherwise, the virtually universal trend in this circuit in the last four years is for district courts to
8  hold that HOLA preemption does not apply to conduct of a national bank that acquires a loan
9  originated by a federal savings bank but is instead limited to conduct occurring before the loan
10 changed hands.  Here are some of these recent cases:

- *Grigsby v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 63057 *21 (C.D. Cal., April 12, 2018) ("The Court is not persuaded that HOLA preemption may be transferred from one entity (to which it did apply) to another (to which it would not ordinarily apply) as to conduct arising after the transfer.");

- *Wieck v. CIT Grp., Inc.*, 308 F. Supp. 3d 1093, *1118 (D. HI. 2018), 2018 U.S. Dist. LEXIS 55257, *51 (D. Haw. March 30, 2018) (HOLA preemption applies "only to conduct occurring before the loan changed hands from the federal savings association or bank to the entity not governed by HOLA.");

- *Beltz v. Wells Fargo Home Mortg.*, 2017 U.S. Dist. LEXIS 29140, *41 (E.D. Cal. March 1, 2017) ("[T]he growing trend amongst district courts in the Ninth Circuit appears to be to find that HOLA preemption only applies to conduct arising before a federal savings bank merged with a national bank association.");

- *Davis v. Wells Fargo, N.A.*, 2016 U.S. Dist. LEXIS 168645 ** 17-18 (E.D. Cal., Dec. 6, 2016); ("preemption does not extend to post-merger or successive conduct by an entity that is not otherwise governed by HOLA");

- *Pimentel v. Wells Fargo, N.A.*, 2015 U.S. Dist. LEXIS 62913 *9-10 (N.D. Cal., May 7, 2015) ("[C]laims against a national bank based on conduct occurring before its merger with a federally charted savings bank are preempted [by HOLA],

|   |   |
|---|---|
| 1 | while claims based on the bank's own conduct after the merger are not |
| 2 | preempted.") ; and |

- *Rijhwani v. Wells Fargo Home Mortg., Inc.*, 2014 U.S. Dist. LEXIS 27516 *22 (N.D. Cal., Mar. 3, 2014) ("HOLA preemption [applies] only to conduct occurring before the loan changed hands from the federal savings association or bank to the entity not governed by HOLA.").

Indeed, the development of the law in this circuit, as described above, explains why Chase relies on old district court cases from 2014 or earlier that are now decidedly out of step with current district court decisions in this circuit. (*See* Mot. at pp. 11-12.) The earlier cases relied on by Chase that found preemption, "do not appear to have grappled in a substantive way with the question of whether HOLA preemption extends to claims against a national bank based on its own conduct that post-dates its merger with a federally charted savings bank." *Pimentel v. Wells Fargo, N.A.*, 2015 U.S. Dist. LEXIS 62913 at *9. In the majority of the older, pre-2014 cases, "the Plaintiffs either failed to argue otherwise or conceded the issue, the upshot being that the courts never had to grapple with it; instead, the courts simply concluded, without much analysis, that HOLA preemption applied." *Penermon v. Wells Fargo Bank, N.A.*, 47 F.Supp.3d 982, 995 (N.D. Cal. 2014). In *Pimentel*, another Northern District decision a year after *Penermon*, the court was "more persuaded by the reasoning of a growing trend of cases going the other way and holding that HOLA preemption does not apply to such claims." *Id.*, *9.

As the Northern District pointed out four years ago in *Penermon*, courts in the Ninth Circuit "have recently questioned the logic of allowing a successor party such as Wells Fargo to assert HOLA preemption, especially when the wrongful conduct alleged was done after the federal savings association or bank ceased to exist" and "have applied HOLA preemption only to conduct occurring before the loan changed hands from the federal savings bank to the entity not governed by HOLA." 47 F. Supp. 3d at 991. (internal quotations omitted). These courts have reasoned that, "preemption is not some sort of asset that can be bargained, sold, or transferred." *Id.* at 992. Therefore, while claims against a national bank based on conduct occurring before its merger with a federally chartered savings bank are preempted, claims based on the bank's own

conduct after the merger are not preempted. *See*, *e.g.*, *Davis*, 2016 U.S. Dist. LEXIS 168645 at *19 (rejecting position "immunizing successor entities for otherwise actionable post-acquisition conduct."); *Pimentel*, 2015 U.S. Dist. LEXIS 62913 at *9 (holding that HOLA preemption does not apply to the conduct of the national bank that owns a loan originated by a savings bank); <u>Penermon</u>, 47 F.Supp.3d at 995 ("Wells Fargo itself cannot violate state laws when servicing loans that were originated by an entity regulated by HOLA"); *Corral v. Select Portfolio Servicing, Inc.*, 2014 U.S. Dist. LEXIS 109524, *12 (N.D. Cal. 2014) ("Defendants, which are not federal savings associations, may not assert HOLA preemption in this action."); <u>Rijhwani</u>, 2014 U.S. Dist. LEXIS 27516 at [ ] (N.D. Cal. March 3, 2014) ("Wells Fargo, which is not a federal savings association or bank, may not assert HOLA preemption in this particular action").

The *Penermon* court reasoned that, were it to adopt the position that Chase asserts here, successor national banks like Wells Fargo and Chase could violate with impunity legal requirements to which they would be otherwise bound. 47 F. Supp. 3d at 995. This would mean that certain homeowners with Chase loans would be deprived of legal protections, "based solely on their original lender, and without regard to the entity engaging in the otherwise illegal conduct." *Id*. The court reasoned that allowing HOLA preemption to be transferred to uncovered national banks would be an arbitrary, potentially "grossly unjust" result that would undermine HOLA's core purpose of consumer protection, especially given the prevalence of federal savings banks merging into national banks following the mortgage crisis. *Id.* at 996. In *Penermon*, the court concluded that HOLA preemption applies only to actions taken when the banking entity at issue was covered by HOLA. So, in that case, Wells Fargo could assert HOLA preemption against Wachovia's conduct, but could not use HOLA preemption to defend against its own conduct, post-acquisition. *Id.* at 995.

In addition to outdated district court decisions, Chase cites *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963 (9th Cir. 2017), as support for the proposition that, if HOLA preemption applied, it would cover Plaintiffs' claims. But Campidoglio says nothing about whether HOLA preemption applies at all, finding no preemption on the facts before it. In Campidoglio, the mortgagors sued Wells Fargo, which had succeeded Wachovia. The Ninth

Circuit held that plaintiff's breach of contract claims under Washington law were not preempted by HOLA. Id. at 970. The court held, "Whether, and to what extent, HOLA applies to claims against a national bank when that bank has acquired a loan executed by a federal savings association is an open question in our court." *Id.* at 970-71. The court then held that it did not have to resolve that question, "because we find that, even assuming that HOLA applies to the Borrowers' claims against Wells Fargo, it would not preempt the Borrowers' breach of contract claim." Id. at 971.[3]

Chase also relies on a 1985 Federal Home Loan Bank Board (predecessor to the Office of Thrift Supervision, "OTS") regulatory opinion that it contends supports its position that HOLA preemption continues to apply to a loan originated by a federal savings bank but later transferred. This regulatory opinion has been directly distinguished by recent district court decisions. In *Pimentel*, the district court stated, "this letter appears to stand for the proposition that an assignee of a loan originated by a federal savings bank may raise HOLA preemption as a defense to origination claims, but says nothing about claims based on the *post-merger conduct* of a national bank." *Pimentel v. Wells Fargo, N.A.*, 2015 U.S. Dist. LEXIS 62913, *10 (emphasis added).[4]

Finally, Chase relies on a 2003 opinion letter from the OTS that in turn relied on the 1985 FSB opinion. Like the 1985 opinion, the 2003 opinion letter does not support Chase. Indeed, the court in *Penermon* found the 2003 letter unpersuasive because national banks are not regulated by OTS, and the 2003 letter had no bearing on a national bank that acquires federal savings association (FSA) loans. *Penermon*, 47 F.Supp.3d at 993-94 (holding that the 2003 OTS letter

---

[3] In *Flagg v. Yonkers Sav. Loan Ass'n, FA*, 396 F.3d 178 (2d Cir. 2005) the court ruled only that, under HOLA, Yonkers, a savings bank, was not required to pay interest on the depositors' impound account. *Id.* at 186. In *Flagg*, Yonkers had not paid interest on funds held in the plaintiffs' escrow account. Then Yonkers merged with the Atlantic Bank of New York, which was not a savings bank. After the merger, Atlantic Bank began to pay interest on the funds held in the Flagg's escrow account. *Flagg* is thus utterly irrelevant, as no post-acquisition conduct was at issue in that case. In the instant case, Plaintiffs challenge *only* Chase's post-acquisition conduct.

[4] *See also Hixson v. Wells Fargo Bank NA*, 2014 U.S. Dist. LEXIS 108617, *13 (N.D. Cal. Aug. 6, 2014) ("the Court agrees with plaintiff that these OTS letters stand for the proposition that an assignee of a FSB originated loan may raise HOLA preemption as a defense ***to origination claims***.") (emphasis added).

had no bearing on Wells Fargo, a national bank, that had acquired FSA loans); *see also Hixson v. Wells Fargo Bank NA*, 2014 U.S. Dist. LEXIS 108617, 2014 WL 3870004, at *4 (same). The court in *Pimentel* noted its agreement with the *Penermon* court's analysis, and was "not persuaded that the 2003 OTS letter supports the position that post-merger conduct is preempted." *Pimentel v. Wells Fargo, N.A.*, 2015 U.S. Dist. LEXIS 62913, *10-12.[5]

All this suit asks is that acquiring banks be legally responsible for their own conduct going forward. The outcome Plaintiffs seek engenders no uncertainty for the acquiring bank. It simply has to follow the law when it acts.

### C. Chase fails to establish grounds for a stay

Finally, Chase has failed to establish grounds to stay the case. "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Interpreting *Landis*, the Ninth Circuit has held that a court, in determining the appropriateness of a stay, is to analyze the possible damage to the affected party by the stay, the "hardship or inequity" to the party that would be required to proceed with litigation, and the extent to which the "orderly course of justice" would be promoted or thwarted by the stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112, (9th Cir. 2005) (citing *Landis*, 299 U.S. at 255). "Indeed, '[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'" *Abante Rooter & Plumbing Inc. v. Nationwide Mut. Ins. Co.*, No. 17-cv-03328-EMC, 2018 U.S. Dist. LEXIS 14062, *6 (N.D. Cal., Jan. 26, 2018) (citation omitted).

#### 1. A stay would prejudice Plaintiffs.

Courts in the Northern District, including this Court, have determined that a stay was not

---

[5] The court in *Pimentel* also rejected the argument that the contractual language compelled preemption. The court held that, "the contractual provision that the loan documents are to be 'governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions' can only be interpreted to apply when such laws are applicable, not in every instance of a dispute between the lessee and a subsequent holder of the loan." *Pimentel v. Wells Fargo, N.A.*, 2015 U.S. Dist. LEXIS 62913, *14-15.

1  appropriate in consumer class actions because of the prejudice to plaintiffs and class members.

2  *See Abante Rooter & Plumbing Inc.*, 2018 U.S. Dist. LEXIS 14062, *6; *Lathrop v. Uber*

3  *Technologies, Inc.*, No. 14-cv-05678-JST, 2016 U.S. Dist. LEXIS 2490, *12 (N.D. Cal. Jan. 8,

4  2016).

5  As this Court stated earlier this year:

> Abante and other class members could be prejudiced by a stay because witness memories may fade, turnover of employees at Nationwide may result in diminished access to material witnesses, and it may become more difficult to locate and notify putative class members as time lapses. This is exacerbated by the unknown duration of a stay as the D.C. Circuit's decision has long been pending and is likely to be followed by appeals to the Supreme Court.

10  *Abante Rooter & Plumbing Inc.*, 2018 U.S. Dist. LEXIS 14062 at *7.  Similarly, in denying a stay

11  in *Lathrop*, 2016 U.S. Dist. LEXIS 2490 at *12, Judge Tigar stated, "Plaintiffs argue

12  persuasively that they would suffer prejudice from a stay because the case would extend for an

13  indeterminate length of time, increase the difficulty of reaching class members, and increase the

14  risk that evidence will dissipate."  2016 U.S. Dist. LEXIS 2490, *12; *see also Sandoval v.*

15  *Friendlum, Inc.*, No.: 17cv1917-MMA (BGS), 2018 U.S. Dist. LEXIS 35754, *14 (S.D. Cal.

16  March 2, 2018) (holding that potential destruction of critical documents with short statutory

17  retention periods weighed against granting defendant's request for stay).

18  The same holds true here. Because the discovery rule applies to UCL claims, the class's

19  claims may well stretch back to 2008.  Thus, even if banks' record-keeping obligations last up to

20  seven years, it's critical that Plaintiffs be able to conduct discovery in this case now.  Witness

21  memories may fade.  Turnover of employees at Chase may result in diminished access to material

22  witnesses.  It may become more difficult to locate and notify certain class members.  Third party

23  discovery will be compromised. This risk is especially relevant because some class members have

24  likely refinanced with other lenders following Chase, and discovery from those third parties will

25  be vital to establishing what Chase might have said regarding obligations to pay escrow interest.

### 2. Chase has failed to show a clear case of hardship or inequity, as merely being required to defend a lawsuit does not suffice.

28  The Ninth Circuit has held that, "being required to defend a suit, without more, does not

1  constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d
2  at 1112; *see also Sandoval*, 2018 U.S. Dist. LEXIS 35754 at *12 (same).

### 3. A stay would undermine judicial economy.

In *Abante Rooter & Plumbing*, this Court found, "The orderly course of justice will be enhanced because development of the record on key facts may expedite and facilitate the application of law, including that pronounced by the Circuit Court in *ACA Int'l*." 2018 U.S. Dist. LEXIS 14062, *7. Here, too, development of the record will facilitate the application of law in the unlikely event that the Supreme Court grants certiorari and decides *Lusnak*.

The Court can, of course, stage discovery in a way that limits the burden on Chase. As the Court knows, certiorari petitions are rarely granted (perhaps less than 3 percent of the time). The *Lusnak* court was not creating new law, it was simply following *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25 (1996). "Although Dodd-Frank significantly altered the regulatory framework governing financial institutions, with respect to NBA preemption, it merely codified the existing standard established in *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25 (1996). Applying that standard here, we hold that the NBA does not preempt California Civil Code § 2954.8(a). . . " *Lusnak*, 883 F.3d at 1188. In the unlikely event that the Supreme Court grants certiorari, the Court can revisit the stay issue then. Meanwhile, the parties should be allowed to proceed with focused discovery.

## V. CONCLUSION

Because Plaintiffs are enforcing statutory rights under consumer protection statutes completely independent of their deeds of trust and contractual relationships with Chase, they were not required to give Chase notice and an opportunity to cure. Plaintiffs did provide notice and an opportunity to cure anyway, and Chase spurned Plaintiffs' overtures. Also, with the near-universal trend in the Ninth Circuit in recent years rejecting HOLA preemption as to national banks' acts committed after acquisition of FSA loans, Plaintiffs' claims are not preempted by HOLA. Finally, Chase has not shown this is one of the "rare circumstances" in which a stay pending the resolution of an appeal in another case is appropriate.

The Court should deny both the motion to dismiss and the motion to stay.

DATED: August 16, 2018                    Respectfully submitted,

By: /s/ Michael F. Ram

   Michael F. Ram
   Susan Brown
   ROBINS KAPLAN LLP
   2440 W El Camino Real
   Suite 100
   Mountain View, CA 94040
   Tel: 650 784 4040

   Samuel J. Strauss
   sam@turkestrauss.com
   Turke & Strauss
   613 Williamson Street, #201
   Madison, WI 53703
   Tel:   608-237-1775
   Fax:   608-509-4423

   *Attorneys for Plaintiffs Monica Chandler and Mohammed Meky*


By: /s/ Harold Jaffe

   Harold Jaffe (SBN 57397)
   hmjaffe@gmail.com
   Attorney At Law
   11700 Dublin Blvd.
   Dublin, CA 94568
   Tel:   510-452-2610
   Fax:  925-587-1737

   *Attorney for Plaintiff Susan McShannock*

# CERTIFICATE OF SERVICE

I hereby certify on August 16, 2018, a copy of the foregoing pleading was filed electronically with the clerk of the court via ECF, which will serve all counsel of record, and served via First-Class Mail to any party not filing ECF, postage prepaid.

This the 16th day of August, 2018.

By: ___/s/ Michael F. Ram___
Michael F. Ram

*Attorneys for Monica Chandler and Mohammed Meky*
(Plaintiffs in case no. 3:18-cv-01873-EMC)