Robins Kaplan LLP
Michael F. Ram, Bar No. (104805)
MRam@RobinsKaplan.com
2440 W El Camino Real, Suite 100
Mountain View, CA 94040
Telephone:    650 784 4040
Facsimile:    650 784 4041

*Attorneys for Plaintiff*
*Monica Chandler and Mohammed Meky*

Harold M. Jaffe, Bar No. (57397)
hmjaffe@gmail.com
11700 Dublin Blvd, Ste. 250
Dublin, CA 94568
Telephone: 510-452-2610
Facsimile:  925-587.1737

*Attorney for Plaintiff*
*Susan McShannock*

*Additional Counsel in Signature*

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE JPMORGAN CHASE ESCROW INTEREST CASES<br>_____<br>Monica Chandler as Trustee of the Chandler Family Trust; Susan McShannock as Executrix of the Estate of Patricia Blaskower, on behalf of the Estate of Patricia Blaskower; and Mohamed Meky, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JPMorgan Chase Bank, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.  3:18-cv-01873-EMC<br><br>**PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR**<br><br>**Violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION AND STATEMENT OF FACTS**

1.      This case concerns JPMorgan Chase Bank, N.A.'s ("Chase's") violation of

89047276.1

California laws requiring a mortgage lender to pay interest on funds held in escrow accounts for residential mortgages. Many mortgage lenders, including Defendant, require their customers to maintain an escrow account for the property tax and insurance on the property. These additional and significant deposits made by the mortgagor to maintain the escrow account are the mortgagor's funds. California law requires that lenders pay at least 2% per annum on these accounts:

> ***Every financial institution that makes loans upon the security of real property*** containing only a one- to four-family residence and located in this state or purchases obligations secured by such property and that receives money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, ***shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest per annum***. Such interest shall be credited to the borrower's account annually or upon termination of such account, whichever is earlier.
>
>  ….
>
> ***No financial institution subject to the provisions of this section shall impose any fee or charge*** in connection with the maintenance or disbursement of money received in advance for the payment of taxes and assessments on real property securing loans made by such financial institution, or for the payment of insurance, or for other purposes relating to such real property, ***that will result in an interest rate of less than 2 percent per annum being paid on the moneys so received***.

California Civil Code §2954.8(a) (Emphasis added.)

2.      Historically, certain mortgage lenders have erroneously claimed that the National Bank Act preempts Cal. Civ. Code §2954.8(a), reasoning that the state statute prevents or significantly interferes with the exercise of national bank powers in contravention of federal law. On March 2, 2018, the Ninth Circuit ruled that the National Bank Act does not preempt state mortgage escrow laws, including the requirement to pay interest on mortgage escrow accounts set forth in Cal. Civ. Code §2954.8(a), and found that banks are required to follow that law. *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1197 (9th Cir. 2018). The Ninth Circuit further found that the California statute was not preempted even before Dodd-Frank came into effect, thus it applies to mortgage loans that were entered into prior to the effective date of Dodd-Frank. *Id*. at 1197.

3.      More broadly, with the passage of the Dodd-Frank Wall Street Reform and

PLAINTIFFS' AMENDED CONSOLIDATED
COMPLAINT
3:18-CV-01873-EMC

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Consumer Protection Act and its new federal preemption provision, federal agencies and regulators are required to make "case-by-case" analyses of a state's laws on a particular banking practice and their "impact on any national bank that is subject to that law" before issuing regulations preempting the state law. See 12 U.S.C. § 25b(b).  To the extent that federal regulators seek to preempt multiple states' laws, the regulator must also first consult with the Consumer Financial Protection Bureau ("CFPB").  *Id.*  Congress has established this arduous path for the making of preemption determinations in an effort to discourage the Office of the Comptroller of the Currency from making a large number of those determinations on an overbroad scale, to better protect the interests of states and consumers.  Plaintiffs are informed and believe that the federal regulatory agencies have not issued such case-by-case analyses with respect to California's mortgage escrow account interest law, nor have they consulted with the CFPB to issue regulations mandating a blanket preemption of multiple states' laws.

4.     Notably, the Dodd-Frank Act expresses an explicit policy that consumers should retain the interest gained on their escrow accounts. Congress has mandated that "[i]f prescribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as prescribed by that applicable State or Federal law."  15 U.S.C. §1639d(g)(3).  This requirement is in line with regulations of the United States Department of Housing and Urban  Development ("HUD"), which state that:  "[w]here escrow funds are invested, the net income derived from this investment must be passed on to the mortgagor in the form of interest…. **In compliance with any state and/or regulatory agency requirements governing the handling and/or payment of interest earned on a mortgagor's escrow account**."  HUD Handbook 4330.1, Rev-5, §2-5.  As the Act does not preempt state laws that afford "greater protection" than federal finance laws (12 U.S.C. § 5551(a)), Defendant is required to comply with California law.

PLAINTIFFS' AMENDED CONSOLIDATED
COMPLAINT
3:18-CV-01873-EMC

5.      In her capacity as Trustee of the Chandler Family Trust, Plaintiff Monica Chandler ("Chandler") entered into mortgage contracts with Washington Mutual Bank in respect of four single-family residential properties located in California.  Washington Mutual Bank failed during the financial crisis of 2008, and Defendant JPMorgan Chase acquired its assets, including Ms. Chandler's mortgages.  The relevant properties are:

1.  1551 COVENTRY PL
    PALMDALE, CA 93551-4043
    LOS ANGELES COUNTY
    Mortgage Doc # 06-2343141 recorded on 10/23/2006

2.  8805 ELIZABETH LAKE RD
    LEONA VALLEY, CA 93551-7207
    LOS ANGELES COUNTY
    Mortgage Doc # 05-1947416 recorded on 08/15/2005 (and Assignment Doc # 16-0247111 recorded on 03/07/2016)

3.  522 CALLET ST
    PALMDALE, CA 93551-2975
    LOS ANGELES COUNTY
    Mortgage Doc # 07-0983696 recorded on 04/24/2007

4.  9368 YUCCA HILLS RD
    SANTA CLARITA, CA 91390-3455
    LOS ANGELES COUNTY
    Mortgage Doc #05-1003624 recorded on 04/29/2005

(collectively the "Chandler Properties").

6.      Each of the four mortgage agreements for the Chandler Properties (together, the Chandler Mortgage Agreements) contains boilerplate, adhesive and nonnegotiable terms that require Chandler to make payments to an escrow account, held by Defendant:

Funds for Escrow Items: Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items". At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees and Assessments, if any, be escrowed by the Borrower, and such dues, fees and assessments shall be an Escrow Item.

Notably, the Agreement acknowledges Defendant's obligation to pay interest where required by

PLAINTIFFS' AMENDED CONSOLIDATED
COMPLAINT
3:18-CV-01873-EMC

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

law.  It states: "Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the funds."

7.      As required by the Chandler Mortgage Agreements, Chandler has timely deposited funds into the escrow accounts.  But Chandler has never received back from Defendant the interest owing on her funds maintained in the escrow accounts.

8.      Chandler therefore brings this action on behalf of the Chandler Family Trust and all others similarly situated for restitution and reimbursement, injunctive relief and declaratory relief, pursuant to the California Unfair Competition Law ("UCL"), California Business and Professional Code §17200, *et seq*.

9.      On or about April 17, 2007, plaintiff Susan McShannock's ("McShannock") predecessor in interest Patricia Blaskower ("Blaskower") entered into a mortgage contract with Defendant's predecessor-in-interest Washington Mutual in respect to a single-family residential property located in Santa Rosa, California, which was recorded on April 25, 2007,  as Document No. 2007-046919, Official Records of the Sonoma County Recorder's Office ("McShannock Property").

**10.**      The mortgage agreement for the McShannock Property also contains boilerplate, adhesive and nonnegotiable terms that required Blaskower to make payments into an escrow account.

11.      As required by the mortgage agreement for the McShannock Property, Blaskower continuously deposited funds into the escrow account, which were due every month in an amount that was often more than $700.  Neither Blaskower nor her estate has ever received any of the interest that accrued on the funds Blaskower deposited into the escrow account.

12.      Therefore, McShannock, on behalf of the Estate of Blaskower, and for others

PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT
3:18-CV-01873-EMC

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

similarly situated, brings this action for restitution and reimbursement, injunctive relief, and declaratory relief pursuant to the California Unfair Competition Law ("UCL"), California Business and Professional Code §17200, *et seq.*

13.    In July 2007, Plaintiff Mohamed Meky ("Meky") entered into a mortgage contract with Washington Mutual Bank, FA for a single-family residential property located in American Canyon, California (the "Meky  Property").  As with the rest of Washington Mutual's mortgage assets, Meky's mortgage was later acquired by Defendant.

14.    At all relevant times, Defendant has required Meky to make payments into an escrow account held by Defendant for certain fees, taxes and assessments, and costs of the property . Meky has timely deposited funds into the escrow accounts as required by Defendant. But Meky has never received back from Defendant the interest owing on his funds maintained in the escrow accounts.

15.    Therefore Meky brings this action on behalf of himself and all others similarly situated for restitution and reimbursement, injunctive relief and declaratory relief, pursuant to the California Unfair Competition Law ("UCL"), California Business and Professional Code §17200, *et seq.*

16.    Plaintiffs were not aware of Defendant's failure to make these payments as required by law, and an investigation by Plaintiffs or by a reasonable consumer would not have uncovered Defendant's misconduct.

## II
## JURISDICTION AND VENUE

17.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because minimal diversity exists, there are more than 100 putative class members, and the aggregated claims of the individual class members exceeds the sum or value of $5,000,000 exclusive of interest and costs.

PLAINTIFFS' AMENDED CONSOLIDATED
COMPLAINT
3:18-CV-01873-EMC

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

18.     This Court has personal jurisdiction over the Defendant because Defendant has conducted and continues to conduct business in the State of California, and because Defendant has committed the acts and omissions here complained in the State of California.

19.     Venue as to Defendant is proper in this judicial district.  Chase is one of the largest mortgage lenders operating in this district, has branches throughout this district, and many of Defendant's acts complained of occurred in this district.

20.     In or about September 2008, Washington Mutual was shut down by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation was named receiver.  At the same time, Chase acquired the assets of Washington Mutual and Chase took over more than 2000 of Washington Mutual's retail branches, over $188 billion in deposits, and Washington Mutual's $118.9 billion single family loan portfolio, including that of Blaskower.

## II
## THE PARTIES

21.     Plaintiff Chandler is a resident and citizen of the city of Palmdale, California and is the trustee of the Chandler Family Trust, the lawful owner of each of the Chandler Properties and a party to each of the Chandler Mortgage Agreements.

22.     Plaintiff McShannock is a resident and citizen of the City of Santa Rosa, California, as was Blaskower, and is the executrix of Blaskower's estate, who died on or about October 2, 2017.  In or about 2007, Blaskower purchased a home in Santa Rosa, and simultaneously entered into a loan agreement with Washington Mutual, before Washington Mutual's purchase by Chase.

23.     Plaintiff Meky is a resident and citizen of the city of American Canyon, California and is the lawful owner of the Meky Property and a party to the associated mortgage agreement.

PLAINTIFFS' AMENDED CONSOLIDATED
COMPLAINT
3:18-CV-01873-EMC

24.     Defendant Chase is one of the largest national banks and one of the largest mortgage lenders in the country.  Defendant is a citizen of New York. Defendant enters into and/or maintains residential property mortgage agreements with customers in California for properties located in California, and requires those borrowers to maintain escrow accounts, into which they are obligated to deposit significant funds for the payment of property tax and insurance on their properties.  Defendant has systematically and uniformly failed and continues to refuse to pay interest on those funds, in violation of state and federal law.

25.     The true names and capacities of the defendants sued here as DOES 1 through 10 are unknown to Plaintiff, who therefore sues them by these fictitious names.  Each of the defendants designated as a DOE may be legally responsible in some manner for the unlawful acts referred to here. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOES when their identities become known.

## IV
## CLASS ACTION ALLEGATIONS

26.     Plaintiff Chandler, in her capacity as Trustee of the Chandler Family Trust; Plaintiff McShannock, in her capacity as executrix of the Estate of Patricia Blaskower; and Plaintiff Meky bring this action, collectively, on behalf of themselves and the following Class, pursuant to Federal Rule of Civil Procedure 23:

> All mortgage loan customers of Chase (or its subsidiaries), whose mortgage loan is for a one-to-four family residence located in California, and who paid Chase money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, and to whom Chase failed to pay interest as required by Cal. Civ. Code § 2954.8(a). Excluded from the above Class is any entity in which Chase has a controlling interest, and officers or directors of Chase. The judge assigned to this case and the judge's staff members are also excluded from the Class.

27.     Plaintiffs reserve the right under Rule 23 to amend or modify the Class descriptions with greater specificity or further division into subclasses or limitation to particular

PLAINTIFFS' AMENDED CONSOLIDATED
COMPLAINT
3:18-CV-01873-EMC

issues, based on the results of discovery and further investigation.

28.     The members of the Class are so numerous that their individual joinder is impracticable.  Because the class members may be identified through business records regularly maintained by Defendant and its employees and agents, and through the media, the number and identities of class members can be ascertained.  Members of the Class can be notified of the pending action by e-mail, mail, and by published notice, if necessary.

29.     There are questions of law and fact common to the Class.  These questions predominate over any questions affecting only individual class members.  These common legal and factual issues include, but are not limited to:

- •     Whether Defendant has systematically violated state and federal law with respect to the disbursement back to mortgage borrowers of the interest accrued on escrow accounts;

- •     Whether Defendant's conduct violates the unlawful prong of the UCL;

- •     Whether Defendant's conduct violates the unfairness prong of the UCL;

- •     Whether Defendant must provide restitution and reimbursement in the amount of interest accrued on escrow accounts to its customers; and

- •     Whether declaratory and/or injunctive relief is appropriate to prohibit Defendant from engaging in this conduct in the future.

30.     Plaintiffs' claims are typical of the claims of each member of the Class.  Plaintiffs, like all other members of the Class, have sustained damages arising from Defendant's violations of the laws alleged here. Their damages are identical in nature to those of the Class.

31.     The representative Plaintiffs will fairly and adequately represent and protect the interests of the Class members. They have retained counsel who are experienced and competent

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

PLAINTIFFS' AMENDED CONSOLIDATED
COMPLAINT
3:18-CV-01873-EMC

trial lawyers in complex litigation and class action litigation. There are no material conflicts between Plaintiffs and the members of the Class that would make class certification inappropriate.  Counsel for the Class will vigorously assert the claims of all Class members.

32.     This suit may be maintained as a class action under because questions of law and fact common to the Class predominate over the questions affecting only individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute. A class action is superior because the damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct.  Further, it would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them.  Even if Class members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments.  By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

33.     Plaintiffs contemplate the eventual issuance of notice to the proposed Class members setting forth the subject and nature of the instant action. Defendant's own business records and electronic media can be utilized for the contemplated notices.  To the extent that any further notices may be required, the Class Plaintiffs would contemplate the use of additional media and/or mailings.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

PLAINTIFFS' AMENDED CONSOLIDATED
COMPLAINT
3:18-CV-01873-EMC

1    34.    Absent class certification and determination of declaratory, injunctive, statutory

2 and other legal questions on a classwide basis, prosecution of separate actions by individual

3 members of the Class will create the risk of inconsistent or varying adjudications with respect to

4 individual members of the Class which would establish incompatible standards of conduct for the

5 parties opposing the Class or adjudication with respect to individual members of the Class which

6 would as a practical matter be dispositive of the interests of the other members not parties to the

7 adjudication or substantially impair or impede their ability to protect their interests.

8

9

10                        **FIRST CAUSE OF ACTION**
         **(Violation of California Business & Professions Code Sections 17200, *et seq*. –**
                   **Unfair Competition Law – Unlawful Prong)**

11    35.    Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged.

12

13    36.    Defendant, through its failure to pay interest as required on the Class members'

14 residential mortgage escrow accounts, has violated California Civil Code §2954.8 and 15 U.S.C.

15 §1639d(g), and contravened the declared legislative policy espoused in the HUD regulations as

16 set forth in HUD Handbook 4330.1, Rev-5, §2-5. This constitutes unlawful conduct within the

17 meaning of California Business & Professions Code Sections 17200, et seq.

18

19    37.    Plaintiffs and the Class members, and each of them, have been damaged by these

20 unlawful practices.  Pursuant to California Business and Professions Code § 17200 et seq.

21 Plaintiffs, on behalf of themselves and all others similarly situated, seek relief as prayed for

22 below.

23

24                        **SECOND CAUSE OF ACTION**
         **(Violation of California Business & Professions Code Sections 17200, et seq. –**
                   **Unfair Competition Law - Unfair Prong)**

25

26    38.    Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged.

27

28    39.    Defendant's conduct is unfair under the UCL because it has no utility and, even if

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    it did, any utility is outweighed by the gravity of harm to Plaintiffs and the Class members.

2    Defendant's practice is also immoral, unethical, oppressive or unscrupulous and causes injury to

3    consumers which outweighs its benefits.

4

5        40.    Plaintiffs and the Class members, and each of them, have been damaged by these

6    practices.  Pursuant to California Business and Professions Code § 17200 et seq. Plaintiffs, on

7    behalf of themselves and all others similarly situated, seek relief as prayed for below.

8

9                                **PRAYER FOR RELIEF**

10        WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Class, demand

11   judgment against and relief from Defendant as follows:

12       1.    An order certifying that this action may be maintained as a class action and

13             appointing Plaintiffs and their counsel of record to represent the Class.

14       2.    An order pursuant to California Business and Professions Code §§ 17203 requiring

15             Defendant:

16

17             a.    to cease such acts and practices declared by this Court to be an unlawful,

18                   or an unfair business act or practice, a violation of laws, statutes, or

19                   regulations, or constituting unfair competition; and

20             b.    to disgorge all profits and compensation improperly obtained by Defendant

21                   as a result of such acts and practices declared by this Court to be an

22                   unlawful or unfair business act or practice, a violation of laws, statutes, or

23                   regulations, or constituting unfair competition and restore them to Plaintiff

24                   and the Class.

25

26       3.    Declaratory relief determining the illegality of Defendant's acts and practices.

27       4.    Reasonable attorney's fees and costs, pursuant to California Code of  Civil

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

PLAINTIFFS' AMENDED CONSOLIDATED
COMPLAINT
3:18-CV-01873-EMC

Procedure 1021.5, and other statutes as may be applicable.

6.      Prejudgment interest.

7.      Costs of suit.

8.      Such other and further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs requests a jury trial on all issues triable thereby.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

89047276.1

- 13 -

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    DATED:  January 31, 2019                     **ROBINS KAPLAN LLP**

2

3                                                  By: ___/s/  Michael F. Ram_____
                                                         Michael F. Ram, Bar No.  (104805)
4
                                                   Michael F. Ram, Bar No. (104805)
5                                                  MRam@RobinsKaplan.com
                                                   Robins Kaplan LLP
6                                                  2440 W El Camino Real
                                                   Suite 100
7                                                  Mountain View, CA  94040
                                                   Telephone:    650 784 4040
8                                                  Facsimile:    650 784 4041

9                                                  Glenn A. Danas Bar No. 270317
                                                   GDanas@robinskaplan.com
10                                                 Robins Kaplan LLP
                                                   2049 Century Park E., Suite 3400
11                                                 Los Angeles, CA 90067
                                                   Telephone:  310-552-0130
12                                                 Facsimile:  310-229-5800

13                                                 Michael J. Pacelli, *pro hac vice*
                                                   MPacelli@RobinsKaplan.com
14                                                 Robins Kaplan LLP
                                                   800 LaSalle Avenue, Suite 2800
15                                                 Minneapolis, MN  55402
                                                   Telephone:    612 349 8500
16                                                 Facsimile:    612 349 4181

17                                                 Samuel J. Strauss
                                                   sam@turkestrauss.com
18                                                 Turk & Strauss LLP
                                                   613 Williamson Street #201
19                                                 Madison, WI 53703
                                                   Telephone: 608-237-1775
20                                                 Facsimile: 608-509-4423

21                                                 *Attorneys for Plaintiffs Monica Chandler and
                                                   Mohammed Meky*
22
     DATED:  January31, 2019                       By: ___/s/  Harold Jaffe_____
23                                                       Harold Jaffe (SBN 57397)

24                                                 Harold Jaffe (SBN 57397)
                                                   hmjaffe@gmail.com
25                                                 Attorney At Law
                                                   11700 Dublin Blvd.
26                                                 Dublin, CA 94568
                                                   Tel: 510-452-2610
27                                                 Fax: 925-587-1737

28                                                 *Attorney for Plaintiff Susan McShannock*

PLAINTIFFS' AMENDED CONSOLIDATED
COMPLAINT
3:18-CV-01873-EMC

89047276.1                    - 14 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

PLAINTIFFS' AMENDED CONSOLIDATED
COMPLAINT
3:18-CV-01873-EMC