UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MCSHANNOCK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK N.A.,<br><br>Defendant. | Case No. 18-cv-01873-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL, AND GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS**<br><br>Docket Nos. 63, 64 |

## I. INTRODUCTION

Plaintiffs Monica Chandler, Susan McShannock and Mohamed Meky (collectively "Plaintiffs") filed suit against Defendant JP Morgan Chase Bank ("Chase") on behalf of a putative class. Plaintiffs assert Chase violated Section 2954.8(a) of the California Civil Code, which requires mortgage lenders to pay interest to mortgagors on funds held in escrow accounts for residential mortgages. Chase moved to dismiss the case, arguing that (1) the Home Owners' Loan Act ("HOLA") preempted Plaintiffs' state law claims, and (2) that Plaintiffs' failure to comply with a notice-and-cure provision in their deeds of trust before filing suit barred this action. *See* Docket No. 38. This Court denied the motion to dismiss on both grounds. Docket No. 59 ("Order"). Chase now seeks to certify both issues for interlocutory appeal. Docket No. 63. Chase also moves to stay these proceedings pending the Court's ruling on the interlocutory appeal motion, and any resulting appeal. Docket No. 64.

For the reasons below, the Court **GRANTS** Chase's motion to certify the HOLA preemption question for interlocutory appeal and **DENIES** the motion to certify the notice-and-cure question. The Court also **GRANTS** Chase's stay motion.

## II. DISCUSSION

Title 28 U.S.C. § 1292(b) sets forth that the party seeking to file an interlocutory appeal must show that (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion regarding that legal question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687–88 (9th Cir. 2011).

A. Question 1—HOLA Preemption

The first question Chase seeks to certify is whether HOLA preemption attaches to a loan that originated with a federal savings bank after the loan is transferred to a national bank with respect to conduct occurring after the transfer. This question meets the first and third requirements of § 1292(b). It is a dispositive question of law—if HOLA preemption does apply in this case, Plaintiffs cannot state a claim based on California Civil Code § 2954.8. *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981) ("[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."); *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1131 (N.D. Cal. 2012) (immediate appeal of an order would materially advance the termination of the litigation where reversal on appeal would "effectively end[]" litigation).

The second § 1292(b) requirement is also met. "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). A substantial ground for difference of opinion may be found where there is a "novel legal issue[] . . . on which fair-minded jurists might reach contradictory conclusions," *Reese*, 643 F.3d at 688, and where there is "an intra-district split" regarding the issue, *Asis Internet Servs. v. Active Response Grp.*, No. C07 6211 TEH, 2008 WL 4279695, at *3 (N.D. Cal. Sept. 16, 2008).

The Ninth Circuit recently recognized that HOLA preemption is a novel legal issue when it observed: "Whether, and to what extent, HOLA applies to claims against a national bank when that bank has acquired a loan executed by a federal savings association is an open question."

2

*Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 970–71 (9th Cir. 2017).[1] This Court's Order described the "divide in the district courts' treatment of this issue." Order at 10 (quoting *Kenery v. Wells Fargo Bank, N.A.*, No. 5:13-CV-02411-EJD, 2014 WL 129262, at *4 (N.D. Cal. Jan. 14, 2014)). And although the Court ultimately joined the "current trend of court rulings" declining to extend HOLA preemption to conduct by national banks occurring after the loan is transferred, Order at 12, courts in this circuit continue to disagree.[2] *See, e.g., Villareal v. Seneca Mortg. Servs.*, No. 1:14-CV-02033-MCE, 2015 WL 2374288, at *3–5 (E.D. Cal. May 18, 2015). This indicates the controlling law is unclear and illustrates that "fair-minded jurists" are in fact "reach[ing] contradictory conclusions." *Reese*, 643 F.3d at 688. The frequency with which this question comes up weighs in favor of allowing the Ninth Circuit to resolve the question.

Accordingly, the Court certifies the HOLA preemption question for interlocutory appeal.

B. Question 2—Notice and Cure

The second question Chase seeks to certify is whether a mortgage lender's alleged failure to comply with statutory duties incorporated in a deed of trust constitutes an act "pursuant to," or in breach of "any duty owed by reason of," the deed of trust itself. This question is inappropriate for certification for two reasons. First, one plaintiff (Meky) gave Chase notice on his own behalf before he joined the suit as a plaintiff, so litigation would not terminate with respect to his claims even if Chase were to prevail on interlocutory appeal. Second, and more importantly, there is no substantial basis for disagreement. To be sure, the Order acknowledged that "courts have reached differing conclusions" as to the effect of notice-and-cure provisions, but those differences were driven by case-specific facts, including the contractual language and alleged conduct at issue. Order at 6–7. A question that "requires a case-by-case determination based on individual facts and factors" is inappropriate for interlocutory appeal. *Slade v. Shearson, Hammill & Co., Inc.*, 517

---

[1] The Ninth Circuit also recently issued a published decision on a similar question in *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185 (9th Cir. 2018), which held that the National Banking Act does not preempt state escrow interest laws. *Id.* at 1196–97.

[2] The same disagreement persists within other circuits. *See, e.g. Smith v. Bank of Am. Corp.,* No. A-13-CV-0193-LY-ML, 2016 WL 29641, at *6 (W.D. Tex. Jan. 4, 2016), *aff'd sub nom. Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848 (5th Cir. 2018).

3

F.2d 398, 400 (2d Cir. 1974); *see Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012) (denying certification of question that was "not the abstract type of question [that] could be decided without significant engagement with the facts.").

Accordingly, the Court declines to certify the notice-and-cure question.

C. Motion to Stay

The Court also temporarily **GRANTS** Chase's motion to stay these proceedings. *See Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). The parties will meet and confer regarding Plaintiffs' request to seek limited discovery pertaining to class membership while the appeal is pending. The parties shall report to the Court within two weeks of this Order.

### III. CONCLUSION

For the foregoing reasons, Chase's motion is **GRANTED** with respect to the HOLA preemption question, and **DENIED** with respect to the notice-and-cure question. Chase's motion to stay is **GRANTED** without prejudice to further consideration.

This order disposes of Docket Nos. 63 and 64.

**IT IS SO ORDERED**.

Dated: February 27, 2019

_____
EDWARD M. CHEN
United States District Judge